*Magoon & Edings,* for plaintiff.

*C. Brown,* for defendant.

---

## REPUBLIC OF HAWAII *v.* CHARLES H. CLARK.

APPEAL FROM DISTRICT COURT OF HONOLULU.

JUDD, C.J., FREAR AND WHITING, JJ.

SUBMITTED DECEMBER 23, 1896.     DECIDED JAN. 21, 1897.

A license to possess, carry and use firearms under Chapter 69, laws of 1896, produced by one charged with the offense of carrying a deadly weapon, to-wit, a pistol, under Chapter 54, Penal Code, is a justification and an authorization by law for such carrying of the deadly weapon and a good defense to the charge.

Chapter 54, Penal Code, provides for the punishment of any person not authorized by law who shall carry or be found armed with a pistol (and various other deadly weapons), unless good cause be shown for having such dangerous weapons.

OPINION OF THE COURT BY WHITING, J.

The defendant was charged with the offense of being found armed with a deadly weapon, to-wit, a pistol, without being by law authorized so to be armed, violating Chapter 54, Sec. 1, Penal Code.

This chapter is to prevent the carrying of deadly weapons, and provides as follows: Sec. 1. *"Any person not authorized by law,* who shall carry or be found armed with, any bowie-knife, sword-cane, pistol, air-gun, slung-shot, or other deadly

weapon, shall be liable to a fine of no more than thirty dollars, and no less than ten dollars, or in default * * * * * by imprisonment * * * * , upon conviction * * * * unless good cause be shown for having such dangerous weapon. * * * *"

The evidence is that the defendant was arrested for another misdemeanor, and on being searched at the police receiving station a revolver and cartridges, loaded, were found on him.

The defendant relied as a defense upon a license issued to him by the Interior Department, in the words following:

No. 32                    FIRE-ARM LICENSE.

> KNOW ALL MEN, that in conformity with the provisions of Act 64 of the Session Laws of 1896, entitled an Act "To Amend, Add to and Consolidate the Laws relating to certain Licenses," etc., approved June 12, 1896,

(50c. stamp.)                    C. H. CLARK,

> a native of U. S. of A., residing at Honolulu, District of Kona, Island of Oahu, a member of ........., is hereby LICENSED, upon the terms and conditions as set forth in said Act, and in accordance with the re-quirments of, and subject to, the statute laws of the Hawaiian Islands, TO POSSESS, CARRY OR USE one SMITH & WESSON REVOLVER, made by....................
> makers, number 91,743, calibre 38, for the term of ONE YEAR from the date hereof.

> This license is not transferrable.

> Given under my hand and the Seal of the Interior Department, at Honolulu, this 2 day of Nov., 1896.
>                    (Sig.)          J. A. HASSINGER,
> [L. S.]     Chief Clerk of the Interior Department.

The sections of Act 64, Laws of 1896, mentioned in the license relating to fire-arms are as follows:

Section 59. "Except as hereinafter otherwise provided, the annual fee for a license to possess, carry or use a pistol, rifle, carbine, shotgun or other fire-arm, shall be one dollar for each such fire-arm.

Section 60. Except as hereinafter provided, no fire-arm shall be possessed, carried or used in the Republic without a license issued under this Act.

Section 61. Each such license shall enumerate:

1. The name of the licensee, his nationality and residence, whether or not he is a member of the Police, Citizens' Guard or any military organization, and if so, what organization, giving the company or squad.

2. The character of the fire-arm licensed.

3. The name of the maker.

4. The maker's number.

5. The calibre of the fire-arm.

Section 66. Any person who shall possess, carry or use any fire-arm, without a license so to do under this Act, shall be fined not less than Five nor more than One Hundred Dollars for each unlicensed fire-arm possessed, carried or used by him, and such or any unlicensed fire-arm shall be forfeited to the Government.

The defendant was convicted by the district magistrate, and appealed to this court on the point that no conviction could be had, as the license was a justification, and that the License Act authorized the one licensed to carry the deadly weapon in question.

Upon comparison of Chap. 64, Laws of 1896, with Chap. 54 of the Penal Code, we are of opinion that this Act does not repeal Chap. 54 of the Penal Code; but, as its terms are explicit in giving a license to possess, carry and use fire-arms, a person who has complied with its terms and obtained a license thereunder can plead the same in justification under a criminal charge made against him for carrying deadly weapons under Chap. 54 of the Penal Code, and claim that he was authorized by the license law to carry the weapon, and the same would be a good defense and no conviction could be had.

The recorded minutes of the magistrate are sufficient for us to infer that the magistrate regarded Chapter 54 of the Penal Code as meaning the carrying of *concealed* deadly weapons. If our penal law made the offense one of carrying deadly weapons *concealed*, then probably the licensee would have to go further than the mere production of his license, and show for what reasons he was carrying a deadly weapon, in order that his plea of justification might prevail. But as the penal law does not define the offense with reference to the concealment, we must hold that no conviction of the defendant in this case can be had, and his appeal is sustained and the conviction quashed.

*W. O. Smith, Attorney-General,* for prosecution.

*G. A. Davis,* for defendant.