THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. PATRICK P. DWYER, Plaintiff in Error.

*Opinion filed February 16, 1927.*

1. CRIMINAL LAW—*what is a deadly weapon.* A deadly weapon is one dangerous to life or likely to produce death or great bodily injury, and a weapon may be deadly even though it was not made for the purpose of destroying life or for any purpose at all, if it is a thing with which death can be easily and readily produced.

2. SAME—*whether weapon is deadly may be a question for the jury.* Where the weapon in question and the manner of its use are of such character as to admit of but one conclusion, the question whether or not it is deadly is one of law for the court to determine, but when the character of the weapon is doubtful or the question depends upon the manner of its use it is a question for the jury to determine from a description of the weapon, from the manner of its use and the circumstances of the case.

3. SAME—*when an indictment charges defendant was armed with a deadly weapon.* An indictment charging that the defendant was armed with a "dangerous weapon, to-wit, a certain pistol," sufficiently charges that the defendant was armed with a deadly weapon, as persons of ordinary intelligence are presumed to know that a pistol is a deadly weapon even though there is no charge that the pistol was loaded; and where there is no bill of exceptions it will be presumed from the verdict of guilty that there was sufficient evidence to sustain the charge that the weapon used was deadly were the question one of fact for the jury.

4. SAME—*sentence for maximum term under the Parole act is proper.* The provision of the Parole act for an indeterminate sentence is valid and applies to robbery with a dangerous weapon, and a sentence of imprisonment not to exceed the maximum term for the crime charged, without specifying what is the maximum, is not an attempt by the court to delegate judicial powers to ministerial officers or bodies.

5. SAME—*a writ of error does not review proceedings for enforcement of judgment.* A writ of error to review a judgment of conviction does not review the proceedings taken for the execution or enforcement of the judgment, and it is no valid objection to the judgment that the record does not show any *mittimus* or other writ or process issued authorizing the sheriff to deliver the defendant to the warden of the penitentiary or authorizing the warden to take him into custody.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

JAY J. McCARTHY, and CARL F. LUND, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and CLARENCE E. NELSON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Patrick P. Dwyer having been convicted in the criminal court of Cook county of robbery, being armed at the time with a dangerous weapon, has sued out a writ of error to reverse the judgment.

The transcript of the record contains no bill of exceptions, but it is argued that the indictment, which consisted of a single count, was insufficient because it did not charge that the defendant was armed with a deadly weapon at the time of the robbery. The indictment charges the robbery in terms which are not questioned, and continues, "that the said Patrick P. Dwyer then and there was armed with a certain dangerous weapon, to-wit, a certain pistol." The plaintiff in error contends that the allegation that he was armed with a pistol is insufficient without the further allegation that the pistol was loaded, because a pistol not loaded is not a dangerous weapon *per se.* A deadly weapon has been defined as one dangerous to life; (*Cosby* v. *Commonwealth,* 115 Ky. 221;) one likely to produce death or great bodily injury. (*State* v. *Johns,* 65 Atl. (Del.) 763; *People* v. *Fuqua,* 58 Cal. 245; *Skidmore* v. *State,* 43 Tex. 93; *State* v. *Collins,* 8 Ired. L. 407.) A deadly weapon is an instrument that is used or may be used for the purpose of offense or defense and capable of producing death. Some weapons are deadly *per se;* others, owing to the

manner in which they are used, become deadly. A gun, pistol or dirk-knife is itself deadly, while a small pocket knife, a cane, a riding whip, a club or baseball bat may be so used as to be a deadly weapon. (*State* v. *Huntley,* 91 N. C. 617; *State* v. *Brown,* 67 Iowa, 289.) A weapon with which death may be easily and readily produced is a deadly weapon; anything made for the purpose of destroying life or for another purpose, or not made by man at all, if it is a thing with which death can be easily and readily produced, the law recognizes as a deadly weapon. (*Acers* v. *United States,* 164 U. S. 388.) Where the weapon in question and the manner of its use are of such character as to admit of but one conclusion, the question whether or not it is deadly is one of law for the court to determine, but when the character of the weapon is doubtful or the question depends upon the manner of its use it is a question for the jury to determine from a description of the weapon, from the manner of its use and the circumstances of the case. (*Krchnavy* v. *State,* 43 Neb. 337; *Commonwealth* v. *Duncan,* 91 Ky. 592; *Tribble* v. *State,* 145 Ala. 23; *Meriweather* v. *State,* 104 Ga. 500; *People* v. *Valliere,* 123 Cal. 576; *State* v. *Levigne,* 17 Nev. 435.) In *Hamilton* v. *People,* 113 Ill. 34, the indictment charged that an assault was made with a loaded pistol and a hoe, and it was held that a hoe is *per se* a deadly weapon. Such things as all persons of ordinary intelligence are presumed to know are not required to be proved, and an indictment which charges that the defendant was armed with a pistol charges that he was armed with a deadly weapon. If the question were one of fact to be determined by the jury it would be presumed from the verdict of guilty that there was sufficient evidence to sustain the charge that the pistol was a deadly weapon.

The objection is made that the sentence of the court, which under the terms of the Parole act sentenced the plaintiff in error for the crime of robbery, being at the

time armed with a dangerous weapon, to confinement in the penitentiary from his delivery to the warden, provided such imprisonment should not exceed the maximum term for the crime for which the defendant was convicted, without setting forth in the sentence what the maximum was, imposed upon the warden of the penitentiary or the members of the Division of Pardons and Paroles the duty of determining the term for which the plaintiff in error was sentenced and was an attempt by the court to delegate its judicial powers to ministerial officers or bodies. This sentence was in accordance with the requirements of the Parole act and left nothing to be determined as to the term for which the plaintiff in error was sentenced, the term for the crime for which he was convicted being fixed by the statute at any term of years not less than ten years or for life, but subject, under the provisions of section 2 of the Parole act, to be terminated earlier than the maximum by the Department of Public Welfare, with the approval of the Governor. The provision of the Parole act for an indeterminate sentence has been held valid (*People* v. *Nehrkorn*, 305 Ill. 467; *People* v. *Doras*, 290 id. 188;) and applicable to a prosecution for robbery while armed with a dangerous weapon. *People* v. *O'Donnell*, 291 Ill. 178.

It is also objected that the record does not show that any *mittimus* or other writ or process was ever issued authorizing the sheriff to deliver the plaintiff in error to the warden of the penitentiary or authorizing the warden to take him into custody or imprison him. The object of the writ of error is to review the record of the judgment and not the proceedings for its execution. That judgment is free from error, and such proceedings, if any, as have been taken for its enforcement are not brought before us by this writ.

The judgment is affirmed.        *Judgment affirmed.*