547 P.2d 586 (1976)
In the Matter of the Tax Appeal of ALOHA AIRLINES, INC., Appellant.
No. 5678.
Supreme Court of Hawaii.
March 19, 1976.
C. Michael Hare, Honolulu (Cades Schutte Fleming & Wright, Honolulu, of counsel), for appellant.
Richard Y. Wada, Deputy Atty. Gen. of Hawaii, Honolulu, for appellee.
Before KOBAYASHI, Acting C.J., OGATA, MENOR and KIDWELL, JJ., and Circuit Judge CHANG in place of RICHARDSON, C.J., recused.
PER CURIAM.
Appellant taxpayer appeals from a decision of the tax appeal court, upon an agreed statement of facts, that commissions retained by travel agents from the proceeds of sales of air passage on Appellant's flights are includable in Appellant's taxable gross income. We affirm.
The Air Traffic Conference Sales Agency Agreement between Appellant and the travel agents authorized to sell air passenger transportation offered by Appellant provided that
As remuneration for the services performed by the Agent hereunder, the Carrier agrees, subject to the limitations set forth in this Agreement, to pay the Agent as commission a percentage (as set forth in Schedule A attached hereto and made a part hereof) of the fares and charges applicable to the air passenger transportation offered by the Carrier which is sold by the Agent hereunder... .

*587 The Agent shall not be entitled to a commission for the sale of any air passenger transportation, and shall refund any commission previously paid or retained in connection with such sale, unless the passenger is actually transported by the Carrier to a point other than that at which he embarks; except that, where the terms of sale of the transportation provide for a return to the point of embarkation without landing at any other point, the Agent shall be entitled to a commission if the passenger is actually transported in accordance with such terms.
and that
All moneys, less applicable commissions to which the Agent is entitled hereunder, collected by the Agent . . shall be the property of the Carrier, and shall be held in trust by the Agent until satisfactorily accounted for to the Carrier.
The Agreement provided for periodic remittance by the agents to Appellant of all sums held for Appellant. Commissions chargeable against sale proceeds were not required to be remitted and never came into Appellant's possession.
Appellant was subject to tax under HRS Ch. 239 upon its gross income from the transportation of passengers. Appellant contends that the commissions retained by travel agents under the above-quoted contract provisions represented moneys which never became the property of Appellant and were not includable in its taxable gross income. However, it is clearly apparent from the face of the contract that the proceeds of sales by the travel agents were compensation for the furnishing of air transportation service by Appellant and that the agents were not entitled to their commissions unless and until the service was actually rendered by Appellant. It is well established that income is taxed to the party who earns it and that liability may not be avoided by an anticipatory assignment of the income. United States v. Basye, 410 U.S. 441, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973).
We hold that the amount received by Appellant's travel agents in payment for transportation furnished by Appellant constituted gross income of Appellant within the meaning of HRS Ch. 239, although portions of such gross income were retained of right by the agents pursuant to their contracts.
Affirmed.