STATE OF HAWAII, Plaintiff-Appellee, *v.* CLIFFORD
RODRIGUES, Defendant-Appellant

NO. 5698

and

STATE OF HAWAII, Plaintiff-Appellee, *v.* WALTER L.
McNAUGHTON, Defendant-Appellant

NO. 5715

MARCH 23, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA and
MENOR, JJ., and CIRCUIT JUDGE SODETANI
ASSIGNED BY REASON OF VACANCY

*Per Curiam.* These two cases, while factually unrelated, have been consolidated by stipulation for hearing, and are appeals from judgments of conviction and sentence for the violation of HRS § 134-51 (possession of deadly or dangerous weapons).

The appellant, Clifford Rodrigues, had driven onto the school grounds of Leilehua High School, where he and his companions were subsequently arrested for loitering. Following the arrest, police searched the van which the appellant had been driving and found a cane knife on the floor beneath the right passenger seat and a "butterfly" knife[1] on the right rear floor of the vehicle.

---

[1] Officer Kim described the knife, which is not in evidence, as follows:

"Q. Can you show us how it works? This knife folds up so it can be carried in a pocket? This is a type of pocket knife?
A. Yes, it could be.
Q. Like that? And there is no spring mechanism in this knife, is that right?
A. I don't think so.
Q. And it folds up so that it can be placed in one's pocket without stabbing one's self; is that right?
A. Yes, sir."

The appellant, William McNaughton, had been detained by police when found under suspicious circumstances, in the early morning hours, in the parking area of an apartment building. He was carrying a paper package containing a screwdriver, a pair of pliers, and two ordinary kitchen knives.

In both cases motions for judgments of acquittal were denied by the district judge. The trial court erred.[2] *See State v. Giltner*, 56 Haw. 374, 537 P.2d 14 (1975); *State v. Rackle*, 55 Haw. 531, 523 P.2d 299 (1974).

Reversed.

*Mark M. Nomura*, Deputy Public Defender (*Edgar R. Worth*, Deputy Public Defender, with him on the brief, *Donald K. Tsukiyama*, Public Defender, of counsel) for Defendant-Appellant

*C. William Chikasuye*, Deputy Prosecuting Attorney (*Barry Chung*, Prosecuting Attorney, of counsel) for Plaintiff-Appellee

---

[2] The fact that an object, by the manner in which it is used or might be used, could become a dangerous weapon does not necessarily place it in the category of "deadly or dangerous" weapons within the meaning of HRS § 134-51. We have already intimated in *Rackle* that if the health, safety, and welfare of the public requires greater protection, the means of providing such protection lies solely within the province of the legislature.