THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD B. WEBBER *et al.*, Defendants-Appellants.

Second District   No. 75-532

Opinion filed April 14, 1977.

Robert A. Cox and Gordon W. Learn, both of Cox & Lyle, of Glen Ellyn, for appellants.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

In a joint bench trial the defendants were convicted of armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2(a)).[1] Each was sentenced to a term of imprisonment with a minimum of 4 years and a maximum of 4½ years. They jointly appeal, contending that proof of the use of an unloaded shotgun by one of the two admitted accomplices does not support convictions for the offense of armed robbery which has as an essential element the requirement that the accused be armed with a dangerous weapon.

The defendants first argue that an unloaded shotgun is not a "dangerous weapon" as a matter of law. However, shotguns have been held to be dangerous weapons per se. *People v. Emerling*, 341 Ill. 424, 427 (1930); *People v. Dwyer*, 324 Ill. 363, 365 (1927); *People v. Estes*, 37 Ill. App. 3d 889, 894 (1976).

Defendants argue that the shotgun in this case was not proved to be loaded and that therefore it could not be a dangerous weapon per se. Without proof which would more clearly show that the gun was not capable of being used as a dangerous weapon, however, the defendants have not overcome the legal conclusion that the shotgun was a dangerous weapon per se. (See *People v. Emerling*, 341 Ill. 424, 427 (1930). See also *People v. Hampton*, 44 Ill. 2d 41, 45 (1969).) If the weapon in question and the manner of its use permits more than one conclusion, whether it is a dangerous weapon becomes a question of fact. (*People v. Dwyer*, 324 Ill. 363, 365 (1927).) Thus, in *People v. Trice*, 127 Ill. App. 2d 310, 320-21 (1970), a "starter pistol" which could shoot only blank cartridges was held to be a dangerous weapon on proof of the fact that it was held to the victim's head. Similarly, in *People v. Ratliff*, 22 Ill. App. 3d 106, 107 (1974), a .22-caliber pistol designed to fire blank cartridges was held to be a "dangerous weapon" on proof of the fact that it was pointed at the victim from a distance of 3 or 4 feet. In *People v. Elam*, 50 Ill. 2d 214, 220 (1972), the defendant was convicted of armed robbery upon proof that the victim believed that a small gun was pointed at his back and a knife, but no gun, was found on the person of the defendant.

*People v. Richards*, 28 Ill. App. 3d 505, 509-10 (1975), cited by the defendants does not aid them. The appellate court held that an inoperable shotgun was not a dangerous weapon as a matter of law but also held that the court erred in refusing to permit the jury to decide under the

---

[1] "(a) A person commits armed robbery when he violates Section 18—1 while armed with a dangerous weapon."

Section 18—1(a) states:

"(a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." (Ill. Rev. Stat. 1975, ch. 38, par. 18—1(a).)

instructions whether it was in fact a dangerous weapon under the particular circumstances.

■■ In this case the defendants waived a jury trial and the judge was the trier of both the facts and the law. The record shows that the barrel of the shotgun was placed at times as close as a foot or a foot and a half away from the victim and that there were up and down motions with the gun. The judge concluded that the gun was a dangerous weapon "under the circumstances" whether there were shells in it or not. There is sufficient evidence in the record to support the judge's determination that the shotgun was clearly capable of being used to inflict injury even if it were not loaded. The judgments are not against the manifest weight of the evidence and we will therefore not substitute our judgment for that of the trial court. *People v. Emerling*, 341 Ill. 424, 430 (1930).

The judgments are affirmed.

Affirmed.

GUILD and BOYLE, JJ., concur.