THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSE TATE, Defendant-Appellant.

First District (1st Division)    No. 78-509

Opinion filed February 5, 1979.

James J. Doherty, Public Defender, of Chicago (Thomas W. Murphy and Timothy P. O'Neill, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and J. Jonathan Regunberg, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant was charged by complaint with the offense of unlawful use of weapons in that he knowingly possessed karate sticks in violation of section 24—1(a)(1) of the Criminal Code of 1961. Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(1).

The testimony presented at trial indicated that at approximately 2:40 a.m. on August 11, 1977, the defendant was walking out of an alley near 76 East Madison Street in Chicago carrying karate sticks, two painted and decorated wooden sticks, each one foot in length and connected by a link chain six or seven inches long.

The defendant explained at trial that he was enrolled at the Golden Dome Karate School where he had purchased the karate sticks and that he had been to karate classes that evening until 10 p.m. The defendant further testified that he had gone to the beach after class and was on his way home from the beach when officers arrested him.

After hearing the above evidence, the trial court, sitting without a jury, ruled that the karate sticks were a bludgeon within the meaning of section 24—1(a)(1) of the Criminal Code, found the defendant guilty as charged, and sentenced him to 60 days in the House of Correction.

Defendant now appeals and contends that the legislature when it enacted section 24—1(a)(1) of the Criminal Code never intended to prohibit mere possession of equipment used in a legitimate sport.

We reverse.

Section 24—1(a)(1) of the Criminal Code states:

"A person commits the offense of unlawful use of weapons when he knowingly:

Sells, manufactures, purchases, *possesses* or *carries* any *bludgeon*, black-jack, slung-shot, sand-club, sand-bag, metal knuckles or any knife, commonly referred to as a switchblade knife * * *." (Emphasis added.)

In finding the defendant guilty of violating section 24—1(a)(1) of the Criminal Code, the trial court reasoned that the karate sticks were a bludgeon. We believe the trial court erred in this determination.

A Michigan case, *People v. Malik* (1976), 70 Mich. App. 133, 135-36, 245 N.W.2d 434, 436, provides the following compilation of definitions of bludgeon:

" '[A] short stout stick or club, with one end loaded or thicker and heavier than the other, used as a weapon.' *The Oxford English Dictionary* 942 (1933).

'[A] short, heavy club with one end weighted, or thicker and heavier than the other.' *The Random House Dictionary of the English Language,* 161 (unabridged ed. 1971).

'1. a short stick that usu. has one thick or loaded end and is used as a weapon. 2: something used to attack or bully.' *Webster's New Collegiate Dictionary,* 121 (G & C Merriam Co. ed 1975)."

Each of the above definitions provides that a bludgeon is a stick with one end loaded or thicker or heavier than the other end. There is nothing in the record to indicate that one end of the instant karate sticks was loaded or thicker or heavier than the other end and we therefore cannot conclude that the instant karate sticks falls within the definition of a bludgeon.

The State, however, calls our attention to the case of *People v. Collins* (3d Dist. 1972), 6 Ill. App. 3d 616, 286 N.E.2d 117, in which the court held that a heavy metal chain wrapped with tape and having a handle made from looping the chain fell within both the definition of a bludgeon and blackjack. However, the court in *Collins* went on to cite a New Jersey case, *State v. Witcher* (1959), 58 N.J. Super. 464, 156 A.2d 709, in which the court broadened the definition of bludgeon to include any club-like weapon. The *Collins* court further indicated that the defendant had not offered, nor did the court see, any possible use of the instrument other than as a weapon. This is unlike the instant case where the karate

sticks are a part of a legitimate sport and in which the defendant testified he had used the karate sticks at karate lessons the evening of his arrest.

■■ Our research has disclosed no Illinois case which has decided the exact question of whether karate sticks fall within the definition of bludgeon as used in section 24—1(a)(1) of the Criminal Code. In *People v. Malik* (1976), 70 Mich. App. 133, 245 N.W.2d 434, however, our sister State Michigan considered whether karate sticks were a bludgeon within the confines of their unlawful use of weapons statute. (See Mich. Stat. Ann. §28.421.) Applying various definitions of a bludgeon to karate sticks, the Michigan court held that karate sticks were clearly not a bludgeon. The court further noted that the Michigan statute specifically listed the items illegal to possess and that in such a case the express mention of one thing implies the exclusion of other similar things. (See *Stowers v. Wolodzko* (1971), 386 Mich. 119, 191 N.W.2d 355.) The same reasoning applies to the instant case. (See *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769.) We therefore similarly conclude that the instant karate sticks are not a bludgeon and that possession of the instant instrument is not proscribed by section 24—1(a)(1) of the Criminal Code.

■■ For the foregoing reason, we hold that the trial court erred in finding the defendant guilty of violating section 24—1(a)(1) of the Criminal Code and reverse the judgment entered by the trial court.

Judgment reversed.

McGILLICUDDY and BUCKLEY\*, JJ., concur.

---

\* Justice Buckley participated in this decision while assigned to the Illinois Appellate Court, First District.