STATE OF HAWAII, Plaintiff-Appellee, *v.* WILLIAM JONES, Defendant-Appellant

NO. 6567

JULY 6, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICE KOBAYASHI AND CIRCUIT JUDGE LUM, ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* The defendant was convicted of the offense of carrying a deadly weapon, to wit, a shotgun, in violation of HRS 134-51 which provides:

"Any person not authorized by law, who carries concealed upon his ·person or within any vehicle used or occupied by him, or who is found armed with any dirk, dagger, blackjack, slug shot, billy, metal knuckles, pistol, or other deadly or dangerous weapon, shall be fined not more than $250, or imprisoned not more than one year, or both."

The defendant claims that a shotgun is not a "deadly or dangerous weapon" within the meaning of the statute. His contention is without merit, and his reliance upon *State v. Rackle*, 55 Haw. 531, 523 P.2d 299 (1974), is misplaced. A shotgun is a dangerous weapon per se. *Cf. Id.* "The instrument proscribed [by the statute] is one which was designed primarily as a weapon, or one which has been diverted from its normal use and prepared and modified for combat purposes." *State v. Giltner*, 56 Haw. 374, 376, 537 P.2d 14, 16 (1975). A shotgun's primary design and purpose is to inflict injury. And while a shotgun is normally used for hunting purposes, it has also been used to cause death or other bodily injury to human beings.

Affirmed.

136

*Richard S. Kawana*, Deputy Public Defender on the briefs for defendant-appellant.

*Glenn M. Miyajima*, Deputy Prosecuting Attorney on the brief for plaintiff-appellee.