STATE OF HAWAII, Plaintiff-Appellee, *v.* JAY KAWAZOYE, Defendant-Appellant

STATE OF HAWAII, Plaintiff-Appellee, *v.* DENNIS TORRES, Defendant-Appellant

STATE OF HAWAII, Plaintiff-Appellee, *v.* DERRICK ODA, Defendant-Appellant

NO. 7564

JANUARY 12, 1981

RICHARDSON, C.J., OGATA, MENOR,
LUM, NAKAMURA, JJ.

*Per Curiam.* The defendants, Jay Kawazoye, Dennis Torres, and Derrick Oda, were convicted of the offense of "carrying a deadly weapon" under the provisions of HRS § 134-51 (1976) which provides:

> Any person *not authorized by law,* who carries concealed upon his person or within any vehicle used or occupied by him, or who is found armed with any dirk, dagger, blackjack, slug shot, billy, metal knuckles, pistol, or *other deadly or dangerous weapon,* shall be fined not more than $250, or imprisoned not more than one year, or both. Any such person may be immediately arrested without warrant by any sheriff, policeman, or other officer or person. Any weapon, above enumerated, shall, upon conviction

of the one carrying or possessing same under this section, be summarily destroyed by the chief of police or sheriff. (Emphasis added)

Initially, we hold that a .22 caliber rifle is a deadly or dangerous weapon within the meaning of the statute. *State v. Jones*, 61 Haw. 135, 597 P.2d 210 (1979); *State v. Giltner*, 56 Haw. 374, 537 P.2d 14 (1975); *State v. Rackle*, 55 Haw. 531, 523 P.2d 299 (1974).

We need not now decide whether it was incumbent upon the government to show as part of its prima facie case that the defendants were "not authorized by law" to carry the firearm, *see* HRS §§ 701-114 and 701-115 (1973 amend. 1975) and Commentary thereto; *compare, Territory v. Yamamoto*, 39 Haw. 556 (1952); *Rep. Hawaii v. Clark*, 10 Haw. 585 (1897), for the evidence shows that the defendants were in violation of HRS § 134-6 (1976) which prohibits the possession or carrying of a loaded rifle, on a public highway. The weapon in question was fired from a moving car occupied by the defendants and when recovered by the police was found to be loaded.

Witness Edward E. Sampson testified that on March 10, 1979, he and the defendants had a verbal confrontation on King Street in Moiliili. He stated that the defendants subsequently pursued him by car to Hawaii Kai and attempted to enter his vehicle at several traffic lights along Kalanianaole Highway. Near the Hawaii Kai Loop, Sampson drove into a gas station where he asked one of the attendants to call the police. Wishing to avoid a further confrontation with the defendants, he drove off after making the request. At some point along either Hawaii Kai Drive or Lunalilo Home Road, one of the defendants fired a rifle at his vehicle. He saw the rifle "hung out of the side of the car," but did not know who fired the shot. The shot went astray. A few minutes after the shot was fired, Sampson noticed that the police had stopped the defendants at the Hawaii Kai Texaco service station. He drove to the station and told the police about the shooting incident.

Witness Edward Charles Gerlich, who was a passenger in the Sampson vehicle, corroborated Sampson's testimony that one of the defendants had fired upon their vehicle. He heard the shot, but did not see who it was that did the firing. However, he did testify that he had seen a gun in the back seat of the defendants' vehicle during the chase through Aina Haina.

Witness Mason Fukunaga, a twelve year-old boy, testified that around the time of the shooting, he was walking along Pepeekeo Street in Hawaii Kai. He observed the defendants' car pull to a stop near his friend's house on that street. Fukunaga stated that one of the defendants took a case out of the car and put it in the car trunk. However, he was unable to state which of the defendants did so. He later informed the police of his observations at the Hawaii Kai Texaco service station.

Witness Yolanda Crozier, manager of the service station, testified that she saw defendant Oda trying to load a rifle, within the vehicle he was riding, as it passed by her service station. Oda at the time was sitting in the front passenger seat, while defendant Kawazoye was driving. Defendant Torres was occupying the back seat. Mrs. Crozier thereafter called the police.

Officer John Andrade testified that he found the defendants at the service station. He questioned them in connection with the shooting incident. At the time of this questioning, defendant Oda was sitting in the driver's seat, defendant Kawazoye was standing outside the car, and defendant Torres was occupying the back seat. According to the officer Kawazoye consented to a search of the car. Kawazoye gave him the keys to the trunk and helped open the trunk when the officer could not do so himself. Upon opening it, the officer saw and seized the rifle which was in a black and red case. The weapon was then found by the officer to be loaded.

The statute proscribes the carrying of a deadly or dangerous weapon within any vehicle used or occupied by the person charged. HRS § 134-51 (1976). But to be chargeable under the statute, the defendant must have acted intentionally, knowingly, or recklessly. HRS § 702-204 (1976).

The presence of the rifle within the vehicle occupied by the defendants was plainly evident. All three were in pursuit of the Sampson automobile. All three were in the vehicle when defendant Oda was observed trying to load it. All three were in the vehicle when the firearm was observed by Gerlich on the back seat of the defendants' car during the chase. All three were in the vehicle when the rifle was fired at the Sampson vehicle. All three were still together when one of them placed the rifle in the trunk of their vehicle. On these facts, the trial court was justified in finding that each of the three defendants was acting intentionally, knowingly, or recklessly

with respect to the conduct charged. It is a reasonable inference from the evidence that all three were acting in concert during the chase and at the time the rifle was discharged at the Sampson vehicle.

Affirmed.[1]

*Riccio M. Tanaka,* Deputy Public Defender on the briefs, for defendant-appellant.

*Edward Kubo, Jr.,* Deputy Prosecuting Attorney on the brief, for plaintiff-appellee.

---

[1] We find the defendants' other specifications of error to be without merit.