THE CITY OF PEKIN, Plaintiff-Appellee, *v.* LABANA SHINDLEDECKER, Defendant-Appellant.

Third District    No. 81-43

Opinion filed September 3, 1981.

John M. Ritchie, of Pekin, for appellant.

Bernard L. Oltman, of Pekin, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

The city of Pekin, plaintiff, sued defendant, Labana Shindledecker, for violating a municipal ordinance. Specifically, defendant was charged with possession of one gram of cannabis, a controlled substance. The defendant filed the instant appeal.

On April 28, 1980, at approximately 9:30 p.m., defendant was driving his car eastbound on Broadway in Pekin. He was going to work. Because the taillights of his auto were inoperable, a Pekin police car signalled him to pull into the parking lot of the Firestone Tire Store. Officers Bates and Williams exited the squad car. Bates informed the defendant of the taillight problem and asked for his driver's license. While this happened, Officer Williams went to the passenger side of the car. Looking inside the vehicle, he observed, protruding from underneath the driver's seat, a set of num-chucks or karate sticks. Williams proceeded to the driver's side of the vehicle and instructed Shindledecker to get out of the car. Defendant complied. Officer Williams arrested the defendant for the unlawful use of weapons. Officer Bates then searched defendant and found on his person a small, amber vial containing one gram of a substance which later was proved to be cannabis. Williams seized the num-chucks from the automobile and then searched the entire car. No other incriminating evidence was found.

The officers drove defendant to the Pekin police station. He was charged with violating Pekin Ordinance No. 1397, which prohibits, *inter alia*, the possession of less than 2.5 grams of a substance containing cannabis. Penalties for violation of that ordinance are limited to fines between $100 and $500. No charges for unlawful use of weapons (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(1)) or operating a motor vehicle without taillights (Ill. Rev. Stat. 1979, ch. 95½, par. 12—201(b)) were filed.

On July 2, 1980, defendant filed a motion to suppress the cannabis the search produced. He alleged the search was illegal since warrantless, not

based on probable cause, and conducted without his consent. He also stated he was not violating any law at the time he was searched. An associate circuit judge entered an order denying this motion, indicating "the motion to suppress is denied for the reason that the officer upon viewing the "Nun-Chuck" [sic], a form of club or bludgeion [sic] was justified in conducing [sic] the search of the defendant for his own safety to determine that the defendant was not armed * * *." Following a bench trial, defendant was found guilty. He was fined $100 and ordered to pay court costs.

Review is requested on two issues: (1) whether the police's search of the defendant's person was illegal; and, (2) whether Pekin Ordinance No. 1397 contravenes the city of Pekin's home-rule powers under the Illinois Constitution (Ill. Const. 1970, art. VII, §6(d)(2)).

Defendant contends that num-chucks or karate sticks are not deadly or dangerous weapons. Since they are not, he urges, the police lacked authority to search his person when he was stopped for a routine traffic violation. Accordingly, the defendant concludes, all evidence seized pursuant to the search, was illegally procured and should have been suppressed. In short, the denial of his pretrial motion to suppress was error. We agree.

Officer Bates conducted a personal search of the defendant. He did so with the belief that Shindledecker had been lawfully arrested for a felony, namely the unlawful use of weapons. In other words, the num-chucks were thought to be a deadly weapon, the possession of which violates the following statute:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> (1) Sells, manufactures, purchases, possesses or carries any bludgeon, black-jack, slung-shot, sand-club, sand-bag, metal knuckles or any knife, commonly referred to as a switchblade knife * * *."

Ill. Rev. Stat. 1979, ch. 38, par. 24—1(a)(1).

The statute enumerates various devices, which if knowingly possessed, amount to misdemeanors or felonies (Ill. Rev. Stat. 1979, ch. 38, par. 24—1(b)). The trial judge said a set of num-chucks was a bludgeon and therefore a dangerous or deadly weapon. Thus, a search incident to a lawful arrest for the possession of such device was deemed permissible.

The prohibited devices the statute lists is by no means a complete compendium of every possible deadly weapon. Such an index, if it ever could be composed, might prove counterproductive to the legitimate aims of law enforcement. It is through interpretation of the statute's various terms that the flexibility necessary to assure the proper result, depending on the facts of the cause, occurs.

Various viewpoints have emerged as to what constitutes a bludgeon

so as to render the device a deadly weapon. Although we recognize a lack of unanimity on the subject, the Illinois Supreme Court, at least in the context of the armed robbery statute (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)), has provided guidance for our answer in the case at bar. *People v. Skelton* (1980), 83 Ill. 2d 58, 66, citing *People v. Dwyer* (1927), 324 Ill. 363, 364-65.

In light of this holding, we believe the unlawful weapons statute is not intended to make the possession of every tool, implement, or sporting device which has the potential to inflict serious bodily harm an unlawful weapon. Common sense must be the guide. Such an approach acknowledges the character of the device and its potential for harm, while not being oblivious to the article's everyday use, the circumstances of its discovery, and in certain cases, the person's explanation as to its presence or possession. If it were otherwise, a baseball bat, rolling pin, and perhaps a golf club could qualify as bludgeons if a strict definition of that word is employed (see Webster's Third New International Dictionary 240 (unabr. ed. 1976)). This would lead to obviously absurd results.

■■ Following this analysis, we do not believe the set of num-chucks found in Shindledecker's car is a bludgeon. Therefore, its mere possession cannot support the offense of unlawful use of weapons. At trial, defendant's unrebutted testimony revealed that over the previous four years he employed the num-chucks for personal exercise or sport. Nor do we find the circumstances of the search, or the device's possession to be indicative of an unlawful purpose, past or present, on the part of the possessor. Like the karate sticks confiscated in *People v. Tate* (1979), 68 Ill. App. 3d 881, 883, the num-chucks seized from Shindledecker are identical in description. Their respective nomenclature is immaterial. The karate sticks in *Tate* were not found to be a deadly weapon. We agree with the reasoning and the result reached in that case and believe it wholly applicable here. Therefore, when defendant was arrested he was not in possession of a deadly weapon. His arrest was not based in law.

■■■ When a felony arrest is made it is reasonable for an arresting officer to search the person arrested to remove weapons that could be used to effect an escape or resist arrest. However, where the basis for the arrest is not lawful, the authority to conduct a search incident thereto dissolves. (2 W. LaFave, Search and Seizure §5.2(h)(1978).) At trial, no evidence was presented which shows defendant was wanted for a crime, or that his automobile had been involved in, or was the object of a crime. Other than a search incident to a valid arrest, the police lacked probable cause to search defendant. Thus, since the arrest was illegal so was the search. And, all evidence produced by that search was inadmissible as evidence to prove defendant's violation of the ordinance. (*Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407.) Because the

admission of such evidence occurred at defendant's trial, the judgment, as well as the fine imposed by the trial court, must be reversed.

In view of our disposition concerning the legality of the police search, we need not address the constitutional question the parties have argued at length and believe control this cause's outcome. In passing, we believe defendant's argument misleading. Whatever its theoretical value may encompass, such is pointless when not based on the facts of a given case. Shindledecker was charged with possession of a single gram of cannabis. He did not have 30 grams. Defendant could not have been charged with, or prosecuted by the State of Illinois for any felony of which we are aware. Even the statutes which defendant cites (Ill. Rev. Stat. 1979, ch. 56½, par. 704) make this plain.

For the reason stated, the judgment and fine imposed by the Circuit Court of Tazewell County is reversed.

Reversed.

ALLOY and BARRY, JJ., concur.