STATE OF HAWAII, Plaintiff-Appellant, *v.* ISAAKO MULIUFI, Defendant-Appellee

NO. 8088

CRIMINAL NO. 5682

APRIL 12, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* The State of Hawaii (hereinafter State), appeals from an order entered in by the District Court of the First Circuit which dismissed a criminal charge brought against Isaako Muliufi, defendant-appellee (hereinafter appellee), for violating HRS § 134-51, carrying a deadly weapon. The issue presented for our

consideration, which was not decided in *State v. Bonds,* 59 Haw. 130, 577 P.2d 781 (1978), is whether nunchaku sticks are a deadly or dangerous weapon within the meaning of HRS § 134-51. We hold that nunchaku sticks are not per se deadly or dangerous weapons and therefore affirm the decision of the district court.

Nunchaku sticks[1] were discovered in appellee's car after being stopped by the police near the Dole Pineapple Cannery. Appellee was subsequently charged with carrying a deadly weapon, namely nunchaku sticks. Thereafter, in considering appellee's motion to dismiss and the evidence and arguments presented therein, the district court held that nunchaku sticks were not per se deadly or dangerous weapons within the meaning of HRS § 134-51.

HRS § 134-51 states:

> *Carrying deadly weapons; penalty.* Any person not authorized by law, who carries upon his person or within any vehicle used or occupied by him, or who is found armed with any dirk, dagger, blackjack, slug shot, billy, metal knuckles, pistol, or other deadly or dangerous weapon, shall be fined not more than $250, or imprisoned not more than one year, or both. Any such person may be immediately arrested without warrant by any sheriff, policeman, or other officer or person. Any weapon, above enumerated, shall, upon conviction of the one carrying or possessing same under this section, be summarily destroyed by the chief of police or sheriff.

Since nunchaku sticks are not specifically prohibited by statute, the State argues that under the legal doctrine of *ejusdem generis,* the phrase "other deadly or dangerous weapon" would include nunchaku sticks within the ambit of HRS § 134-51.

We have used the doctrine of *ejusdem generis* as an aid in statutory construction. This doctrine provides "where words of general description follow the enumeration of certain things, those words are restricted in their meaning to objects of like kind and character with those specified . . . ." *State v. Kahalewai,* 56 Haw. 481, 488, 541 P.2d 1020, 1025 (1975); *State v. Rackle,* 55 Haw. 531, 523 P.2d 299 (1974).

---

[1] Nunchaku sticks or karate sticks are of oriental origins. This instrument is a pair of wooden sticks or metal pipes bound together by a rope or chain. Thus, the sticks can be swung or twirled freely in a variety of patterns.

We have previously examined whether certain instruments not enumerated in HRS § 134-51 were within its meaning. *See State v. Kawazoye,* 63 Haw. 147, 621 P.2d 384 (1981); *State v. Jones,* 61 Haw. 135, 597 P.2d 210 (1979); *State v. Rodrigues,* 56 Haw. 642, 547 P.2d 587 (1976); *State v. Giltner,* 56 Haw. 374, 537 P.2d 14 (1975); *State v. Rackle, supra.* Some of these decisions make clear that not every instrument capable of inflicting death or serious bodily injury necessarily comes under the statute. *See State v. Rodrigues, supra,* n.2; *State v. Giltner, supra; State v. Rackle, supra;* Stand. Comm. Rep. No. 37, 1937 House Journal at 612.[2]

For example, in *State v. Rackle, supra,* we found that HRS § 134-51 made those weapons specifically enumerated in the statute and those deadly or dangerous weapons of like kind and character to be per se deadly weapons. We stated:

> The phrase "other deadly or dangerous weapon" in the statute under consideration gives it the necessary flexibility of scope *to bring within its ambit instruments closely associated with criminal activity whose sole design and purpose is to inflict bodily injury or death upon another human being.* [Emphasis added.]

55 Haw. at 537, 523 P.2d at 303. Within this analytic framework, we held that an ordinary signal flare gun whose design was not intended as an offensive weapon did not come within the meaning of the statute.

Then in *State v. Giltner, supra,* we held a diver's knife was not a deadly or dangerous weapon within the meaning of the statute. In further defining which instruments would come within the ambit of HRS § 134-51, we stated:

> . . . we explained that what the statute proscribed was the act of carrying any of the weapons enumerated, and those closely akin to those named, as well as instruments associated with criminal activity whose sole design is to inflict death or bodily injury. *The fact that an object originally designed for normal or lawful use can be*

---

[2] We noted in *Rackle* that with the enactment of the Hawaii Penal Code in 1972, a legislative scheme was devised to cover those situations in which instruments which are not per se deadly or dangerous weapons could be considered a deadly weapon when used improperly. Thus, charges such as assault in the second degree, HRS § 707-711, or reckless endangering in the first or second degree, HRS §§ 707-713, 707-714, could be brought. In the instant case, appellee was not charged under any of these statutes.

*perverted to a use dangerous to one attacked does not convert it into a "deadly or dangerous weapon" within the meaning of the statute. The instrument proscribed is one which was designed primarily as a weapon, or one which has been modified for combat purposes.* [Emphasis added.] 56 Haw. at 376, 537 P.2d at 16.

In applying the standards set forth in *Rackle* and *Giltner,* we have also held that a cane knife, a pocket knife and kitchen knives were not deadly or dangerous weapons. *State v. Rodrigues, supra.* However, rifles, shotguns, sheathed sword cane and wooden knuckles with shark's teeth have been held to be within the meaning of HRS § 134-51. *State v. Kawazoye, supra* (.22 calibre rifle); *State v. Jones, supra* (shotgun); *State v. Ogata,* 58 Haw. 514, 572 P.2d 1222 (1977) (sheathed sword cane and wooden knuckles with shark's teeth).

Courts in other jurisdiction have considered the precise question before us today and are split on whether nunchaku sticks are per se deadly or dangerous weapons. Some courts hold that nunchaku sticks are not deadly or dangerous weapons. *Commonwealth v. Adams,* 245 Pa. Super. 431, 369 A.2d 479 (1976); *People v. Malik,* 70 Mich. App. 133, 245 N.W.2d 434 (1976); *City of Pekin v. Shindledecker,* 99 Ill. App.3d 571, 426 N.E.2d 13, 55 Ill. Dec. 229 (1981); *People v. Tate,* 68 Ill. App.3d 881, 386 N.E.2d 584, 25 Ill. Dec. 313 (1979). Only the Oregon appellate court has held nunchaku sticks to be a deadly weapon. *State v. Tucker,* 28 Or. App. 29, 558 P.2d 1244 (1977).

We agree with the reasoning of the Pennsylvania Superior Court in *Commonwealth v. Adams, supra,* which held that possession of nunchaku sticks was not a violation of that particular statute. The *Adams* case set forth a standard from which a court could determine whether a weapon, not enumerated under the statute, was per se "offensive" or dangerous. The court stated:

[I]t is useful to distinguish between those weapons which are offensive *in themselves,* meaning that the universal experience within our society has been that these weapons are used only in furtherance of crime, and those that can be *used* offensively, in the hands of one inclined to do so, but also have recognized uses of a socially acceptable nature.

245 Pa. Super. at 436, 369 A.2d at 482.[3] Thus, the *Adams* court

---

[3] This standard is similar to the guidelines established in *Rackle* and *Giltner.*

balanced the lawful uses of nunchaku sticks in the martial arts against its ability to be employed as a deadly offensive weapon, and concluded it was not unlawful to merely possess nunchaku sticks.

Similarly, the Michigan court in *People v. Malik, supra,* determined that karate sticks, which was not enumerated to be a deadly weapon, was not a bludgeon. Thus, the court held that karate sticks were not within the ambit of the Michigan statute.

It is evident through the testimony presented that the use of nunchaku sticks has evolved over time. The literature on this subject[4] and the testimony of John Larue,[5] a martial arts instructor, shows that nunchaku sticks were originally designed as a farmer's tool used to separate chaff from the grain, similar to a thresher. However, nunchakus developed into a defensive weapon against the samurai's sword. Today, nunchaku sticks are widely used in the martial arts to build up dexterity, timing, mind and body coordination and aids in developing a larger sphere of consciousness around an individual.[6] Larue testified that in the martial arts, nunchaku sticks are not designed as a weapon to be used against another human being.

Given the present day uses of nunchaku sticks, we cannot say that the sole purpose of this instrumentality is to inflict death or bodily injury. There was no evidence presented indicating that the nunchaku sticks here were diverted from its normal use and prepared and modified for combat purposes. We believe that nunchaku sticks, as used in the martial arts, are socially acceptable and lawful behavior, especially here in Hawaii where the oriental culture and heritage play a very important role in society. As such, nunchaku sticks are not a per se deadly or dangerous weapon within the meaning of HRS § 134-51.

Moreover, rather than acting by judicial fiat to include nunchaku

---

[4] *See* Note, "Criminal Law-Weapons-Prohibition of Karate Instruments," 45 Tenn. L. Rev. 758 (1978), and texts cited therein.

[5] Larue testified on the historical and modern uses of nunchaku sticks. He has used nunchaku sticks before in his 12 years of karate practice and 8 years of aikido.

[6] According to Larue's uncontradicted testimony, approximately twelve different martial arts schools, both Japanese and Chinese, practice their disciplines with the aid of the nunchaku sticks.

sticks under HRS § 134-51, we think it more proper for the legislature to provide the additional protections by amending the instant statute.[7] *State v. Rodrigues, supra* at 643, n.2, 547 P.2d at 588, n.2.

Affirmed.

*Dean E. Ochiai,* Deputy Prosecuting Attorney, on the briefs, for plaintiff-appellant.

*Seth Reiss,* Deputy Public Defender, on the brief, for defendant-appellee.

---

[7] Some other jurisdictions have statutory provisions which prohibit possession of nunchaku sticks. *See, e.g.,* Ariz. Rev. Stat. § 13-3102(A)(3); Cal. Penal Code § 12020(a); Md. Ann. Code Art. 27, § 36.