THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL NATHANIEL VAN, a/k/a Bo Manns, Defendant-Appellant.

Fourth District No. 4—85—0184

Opinion filed September 16, 1985.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

The defendant, Daniel Nathaniel Van, was convicted of aggravated battery following a jury trial, and was sentenced to 3½ years in the Illinois State Penitentiary. Defendant appeals, contending that "numchucks," or karate sticks, are not deadly weapons, and therefore the aggravated battery conviction should be reversed.

We affirm.

From the evidence, it appears that the victim, Tony Hearton, was in Bloomington visiting an apartment where the defendant's ex-wife was staying when a man began to force his way in through a front window. Hearton testified that he then proceeded to go out the back door to get help, but once outside was struck in the head by the defendant using two sticks linked together with a chain. Hearton believed these sticks were "numchucks," normally used in martial arts or karate exercises. He further testified that he tried to get up and get away, at which time defendant, later joined by the first man, continued to strike him about his head and neck. A witness to the incident also testified that he saw defendant using "numchucks" to beat the victim. Hearton stated he was treated at a hospital and received seven stitches to close a laceration below his eye. He also complained of continued headaches due to the incident. The "numchucks" were never recovered.

Defendant cites three cases in support of his contention that the State failed to prove "numchucks" are a deadly weapon sufficient to support an aggravated battery conviction. Each of these cases, however, is readily distinguishable from the facts in this matter. In *People v. Tate* (1979), 68 Ill. App. 3d 881, 386 N.E.2d 584, the offense in question was mere *possession*, not use, of "numchucks." As such, the court stated that "numchucks," utilized in the legitimate sport of karate, are not "bludgeons" within the meaning of the unlawful-use-of-weapons statute. Therefore, their possession was not prohibited under section 24—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977,

ch. 38, par. 24—1(a)(1)). Again, the *Tate* court did not deal with the use of karate sticks in a battery offense. Similarly, reliance by defendant on *State v. Muliufi* (1982), 64 Hawaii 485, 643 P.2d 546, and *People v. Malik* (1976), 70 Mich. App. 133, 245 N.W.2d 434, is misplaced. Both courts essentially held that karate sticks were not *per se* dangerous or deadly weapons for purposes of possession of unlawful weapons statutes.

More on point, as noted by the State, is *People v. Wethington* (1984), 122 Ill. App. 3d 54, 460 N.E.2d 856, in which the defendant was charged with aggravated assault by use of a deadly weapon, namely, "numchucks." The defendant in *Wethington* swung the numchucks and hit a wall close to the victim's head. The *Wethington* court expressly distinguished *Tate*, involving mere possession of the numchucks, from use of numchucks in an attack or assault. The *Wethington* court then concluded that the defendant had used the karate sticks in such a manner as to make them a deadly weapon, and upheld the aggravated assault conviction.

■ It is true that "numchucks" or karate sticks, in and of themselves, may not be deadly *per se*. (*City of Pekin v. Shindledecker* (1981), 99 Ill. App. 3d 571, 426 N.E.2d 13; *People v. Tate* (1979), 68 Ill. App. 3d 881, 386 N.E.2d 584.) However, an instrument not considered *per se* dangerous or deadly, including a walking cane, could be used in such a manner that it becomes a deadly weapon within the meaning of the Criminal Code of 1961. (*People v. Lee* (1977), 46 Ill. App. 3d 343, 347-48, 360 N.E.2d 1173, 1177.) Our supreme court has recognized that instrumentalities not normally regarded as deadly *per se* may clearly become so due to the manner in which they are employed. *People v. Carter* (1951), 410 Ill. 462, 465, 102 N.E.2d 312, 313; *People v. Dwyer* (1927), 324 Ill. 363, 365, 155 N.E. 316, 317.

Moreover, the supreme court has stated in reference to whether use of a particular object or instrumentality will sufficiently qualify as a dangerous weapon:

"[W]hen the character of the weapon is doubtful or the question depends upon the manner of its use it is a question for the jury to determine from a description of the weapon, from the manner of its use and the circumstances of the case." *People v. Dwyer* (1927), 324 Ill. 363, 365, 155 N.E. 316, 317.

■ In this case, we conclude the jury had ample opportunity to hear the evidence and determine, beyond a reasonable doubt, that the "numchucks" or karate sticks were used in such a manner and under such circumstances as to be considered a deadly weapon. Therefore, the judgment of the circuit court of McLean County convicting

defendant of the offense of aggravated battery by use of a deadly weapon is affirmed.

Affirmed.

GREEN, P.J., and TRAPP, J., concur.