BEACON TEXTILES CORPORATION *vs.* EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN.

Worcester. March 4, 1969. — April 11, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Insurance,* Accident insurance, Against damage to goods. *Words,* "Accident."

A change in color of yarn sold due to a latent unexplained defect was an "accident" within a policy of insurance covering the seller against legal liability for "injury to . . . property . . . caused by accident." [645]

Where it appeared that an insurance policy of a seller of yarn covered the insured against legal liability for "injury to . . . property . . . caused by accident" but contained an exclusion from the coverage of "injury . . . [to] any goods . . . [or] products . . . manufactured . . . [or] sold" by the insured, and that there was an "accident" consisting of a change of color, due to a latent unexplained defect, in yarn sold by the insured to a customer and knitted into sweaters by the customer, it was held that the injury to the yarn was within the

exclusion in the policy and that the insured, although liable to the customer for the full loss occasioned by supplying the defective yarn, could not recover from the insurer for the part of the loss due to the injury to the yarn itself but only for the part due to the customer's contribution to the sweaters apart from the yarn. [646]

CONTRACT. Writ in the Superior Court dated April 11, 1966.

The action was heard by *Meagher*, J., without jury.

*Richard A. Robinson* for the plaintiff.

*Robert W. Blakeney*, for the defendant, submitted a brief.

WHITTEMORE, J. The plaintiff brought an action on an insurance policy for an alleged loss to it caused by an accident. The judge found for the defendant. The plaintiff excepted to rulings made on the defendant's requests.

The following facts were agreed to or could have been found. The plaintiff in March, 1965, sold to its customer in New York about 10,333 pounds of oxford gray yarn. About one month after delivery the customer complained. The plaintiff's treasurer visited the customer's premises in June, 1965. He noticed that of sweaters knitted from the yarn about 230 dozen had turned color from oxford gray to gray with streaky brown colors running throughout the garment. Some of the sweaters that the customer had knitted from the yarn had not turned color; some of the unused yarn had the brown streaks and some had not. The customer returned about 6,000 pounds of yarn and the plaintiff credited the billed price and makes no claim for loss in respect of this merchandise. In November, 1965, the plaintiff's treasurer met at the customer's premises with the latter's representative and an adjuster for the defendant. After inspecting the customer's books and records "all agreed that the loss was $3,742.10." [1]

---

[1] $21.27  cost of yarn per dozen sweaters
  6.00  overhead      "      "      "
19.00  labor          "      "      "

46.27
30.00  salvage price  "      "      "

$16.27  net loss       "      "      "
$16.27 x 230 = $3,742.10

The defendant answered on interrogatories that it had hired a textile research firm to ascertain the cause of the defective yarn and that that firm ascertained that "the yarn was defective in the plaintiff's hands before it was delivered to . . . [the customer]."

The plaintiff's treasurer had been in business for over thirty years as a seller of yarns. Discoloring of his or the plaintiff's yarn had never before occurred. The cause was unknown to him.

The defendant prior to action being brought denied insurance coverage for the loss on the basis of the following exclusion in the policy: "This policy does not apply . . . under coverage B, to injury or destruction of . . . any goods, products or containers thereof manufactured, sold, handled or distributed . . . by the named insured . . . out of which the accident arises." Coverage B reads: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."

The defendant contends that the evidence failed to show an accident and in any event that the judge could have found that an accident had not been shown. The issue, however, under ruling 1 was whether a finding for the defendant was required as matter of law, and, under ruling 2, whether there was evidence that any damages had been caused to the plaintiff by an accident.

The judge could have inferred that notice of the defect was given by the plaintiff's customer within a reasonable time and that the circumstances were such that the plaintiff was in law liable for supplying defective yarn. We think that a change of color in yarn due to a latent unexplained defect is an accident. Some ingredient or ingredients of the dyed yarn acted or failed to act at some point in time contrary to the intention and expectation of the person who put them together. The term "accident" is to be broadly construed in a policy insuring against damage by accident. *Vappi & Co. Inc.* v. *Aetna Cas. & Sur. Co.* 348 Mass. 427,

432–433. In its common signification the word means an unexpected happening without intention or design. *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522, 525. *J. D'Amico, Inc.* v. *Boston,* 345 Mass. 218, 222.

The plaintiff contends that the damage was to sweaters which were not goods or products "manufactured, sold, handled or distributed" by the plaintiff and that the damage to the sweaters is not excluded. We think the proper analysis is that there was injury to sweaters made by the customer because of accidental injury to yarn, a product within the exclusion. It follows that, although liable to the customer for the full loss, the plaintiff may recover from the insurer only so much of its loss as is due to the customer's contribution to the sweaters apart from the yarn. The $21.27 per dozen sweaters cost of yarn is forty-six per cent of the total cost of $46.27 per dozen sweaters. Thus of the net loss of $3,742.10, forty-six per cent, or $1,721.37, is due to injury to yarn, the plaintiff's excluded product, and may not be recovered under the policy and the balance of the loss caused by the accident, that is, $2,020.73 is payable under the policy.

It is true that in the sweaters the yarn had ceased to have independent significance as a physical product, but it remained yarn, and the dollar effect of the injury thereto is separately ascertainable. On the other hand the policy does not exclude accidental injury to products made by others because of injury to a product made by the plaintiff. See *Hauenstein* v. *St. Paul-Mercury Indem. Co.* 242 Minn. 354, where the court held a like exclusion clause applicable to damage to defective plaster that had been applied to a building but allowed recovery for the accident to the building, that is, for the effect on its value because of the application to it of the defective plaster. See also *Geddes & Smith, Inc.* v. *St. Paul Mercury Indem. Co.* 63 Cal. 2d 602, 607, 609–610. Compare *Pittsburgh Plate Glass Co.* v. *Fidelity & Cas. Co.* 281 F. 2d 538, 541 (3d Cir.) (defective paint baked onto jalousies lost its separate identity and damage from flaking of the paint after installation of the jalousies

could be recovered); *Bowman Steel Corp.* v. *Lumbermens Mut. Cas. Co.* 364 F. 2d 246, 249–250 (3d Cir.).

It appears likely that this opinion will resolve the only substantial controversy. Nevertheless, as inferences would have been required to establish the plaintiff's liability to its customer, we are unable to say that the only issue presented on the record is the construction of a written instrument. Hence we do not order judgment for the plaintiff. See G. L. c. 231, § 124. The entry must be exceptions sustained.

*So ordered.*