BEACON TEXTILES CORPORATION *vs.* EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN.   February 3, 1972.   This action of contract on an insurance policy is before us for the second time.   The facts may be found in *Beacon Textiles Corp.* v. *Employers Mut. Liab. Ins. Co. of Wisconsin,* 355 Mass. 643.   There we sustained the plaintiff's exceptions to rulings made on the defendant's requests, but did not order judgment for the plaintiff because "as inferences would have been required to establish the plaintiff's liability to its customer, we . . . [were] unable to say that the only issue presented on the record . . . [was] the construction of a written instrument."   P. 647.   On retrial, the trial judge, sitting without jury, made the following findings: "[T]here was no accidental injury to the yarn while it was in the possession of the plaintiff.   The burden of proof rests upon the plaintiff to prove its liability to its customer.   The plaintiff failed in that burden of proof.   There was no evidence as to when or what caused the yarn to become defective."   A finding for the defendant was entered.   The plaintiff claims exception to the denial of its requests for rulings.   There was no error.   To sustain its burden, it was necessary for the plaintiff to establish that the yarn was defective before it was delivered to its customer.   The defendant admitted, in its answers to interrogatories, that a textile research firm employed by it had ascertained that this was so.   However, the written report of that firm, introduced in evidence by the plaintiff, does not in fact establish that proposition.   Furthermore, the plaintiff's sole

witness, its treasurer, testified that the yarn was not discolored when it left the plaintiff. Hence, the trial judge was not concluded by the defendant's answers to interrogatories from making the above findings. *Dome Realty Co.* v. *Cohen,* 290 Mass. 36, 39. *Tighe* v. *Skillings,* 297 Mass. 504, 507. The judge properly denied requests for rulings which were inconsistent with the wholly warranted findings.

*Exceptions overruled.*

The case was submitted on briefs.

*Richard A. Robinson* for the plaintiff.

*Robert W. Blakeney* for the defendant.