THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee *v.* KENNETH EUGENE RATLIFF, Defendant-Appellant.

(No. 12494;

Fourth District—September 19, 1974.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Thomas L. Knight, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Kenneth Eugene Ratliff was tried before a jury, convicted of the crime of armed robbery, and sentenced 4 to 12 years. On appeal he contends that the judgment should be reduced from armed robbery to robbery since the weapon used was a .22-calibre pistol designed to fire blank cartridges, and therefore not a dangerous weapon.

Section 18—2(a) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 18—2(a)) provides that a person who commits a robbery while armed with a dangerous weapon is guilty of armed robbery. During the course of the trial the State stipulated that the weapon in question was designed to fire blank cartridges. This stipulation was read to the jury. The robbery in question was committed during the early morning hours on April 16, 1973. Defendant walked into the Martin oil station, pointed a pistol at the assistant manager, then demanded and received money from him. The defendant was about 3 or 4 feet from the victim when this occurred. Defendant was apprehended by the police very shortly after the robbery. The arresting officer identified the pistol in question as the one which he took from the defendant at the time of arrest. The victim was unable to state that the .22-calibre pistol seized by the officer, and admitted into evidence, was the pistol used during the robbery, but testified that it was "similar". The State argues that the pistol was a dangerous weapon "*   *   * because it was of such a character and was used in such a manner and in such circumstances   *   *   * that it could have been employed immediately as a bludgeon to cause death or great bodily harm" since the defendant was in such close proximity to the victim during the course of the robbery. We affirm.

Defendant cites *People v. Trice*, 127 Ill.App.2d 310, 262 N.E.2d 276. In *Trice* the weapon used was a "starter pistol". The issue was raised, on appeal, as to whether or not it was a dangerous weapon within the meaning of the armed robbery statute. In affirming the conviction the appellate court stated that the gun "*   *   * was held to the head of the victim; there was also testimony that a charge from a shell can create a high flash and cause considerable damage. Based upon such testimony the jury was entitled to conclude the weapon was dangerous." (127 Ill.App.2d at 321.) In so holding the court cited, with approval, the following language from *People v. Dwyer*, 324 Ill. 363, 365, 155 N.E. 316, 317:

> " 'Where the weapon in question and the manner of its use are of such character as to admit of but one conclusion, the question whether or not it is deadly is one of law for the court to determine, but when the character of the weapon is doubtful or the question depends upon the manner of its use it is a question for

the jury to determine from a description of the weapon, from the manner of its use and the circumstances of the case.'" 127 Ill.App.2d at 320.

Defendant argues that there is nothing in the record upon which it may be concluded that the weapon was dangerous "as used." We note that the "starter pistol" in *Trice* was used to threaten the victim; in *Dwyer* the weapon was a pistol but there was no allegation that it was loaded. It, too, was used to threaten the victim. We do not understand *Dwyer*, or *Trice* to stand for the proposition that injury or physical harm must be inflicted upon a victim as a prerequisite to a finding that the instrumentality is a dangerous weapon.

The weapon in question is a piece of metal; it could have been a brick, a ball bat or anything else which could be utilized in a manner dangerous to the physical well-being of the individual threatened. We, therefore hold that the jury was fully justified in finding that the pistol used by the defendant was a dangerous weapon within the purview of the statute.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J. concur.