THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL A. HILL, Defendant-Appellant.

Third District   No. 76-89

Opinion filed April 30, 1977.

Robert Agostinelli and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Rock Island County which after a bench trial found Michael A. Hill, the defendant, guilty of the offense of armed robbery. The court sentenced the defendant to a term of imprisonment of not less than four nor more than eight years.

On July 30, 1975, Lori Ann Verschoore and Tami Anderson, age 16 and 17 years respectively, were employees at "Mr. Fresh", a dairy store in Rock Island County. At closing time, being approximately 10:05 p.m., the employee Anderson was emptying a bucket at the back door of the store when she saw two men approaching her. Both men were wearing nylons over their heads and one, whom she later identified as the defendant, was

carrying a gun. The defendant motioned for the employee Anderson to move back into the store and then the defendant and his accomplice entered the building. The defendant then approached the employee Verschoore, pointed the gun at her head and said that if she moved he would blow her head off. Verschoore, the employee, first asked the defendant if this was some kind of joke but when the defendant repeated his threat she testified that she considered the incident to be serious and that a robbery was taking place. The defendant directed his accomplice to get the money out of the safe and told the employee Verschoore to place the money which she had been counting in a bag. When the defendant's accomplice returned with the money from the safe the defendant ripped the money bag from Verschoore's hand, pulled loose the telephone cord and told the girls they were going to get it if they called the "pigs."

Sometime later in the evening the defendant and his accomplice were apprehended. At the time of apprehension the defendant and his accomplice were in an automobile. Upon searching this vehicle a police officer found an air pistol under the front seat. This air pistol was later identified by the victims Anderson and Verschoore as the gun used in the robbery. The pistol resembled a .45 caliber gun. When found it was not cocked nor was any evidence adduced during the course of the defendant's trial which would indicate that it was loaded during the robbery or at the time it was found. The evidence indicates that it was an air operated pistol capable of firing BB's or small pellets. The defendant during his trial testified in his own behalf to the effect that the gun was never loaded and that he did not have any BB's or other ammunition for it and he never attempted to obtain any.

The first issue presented for review in this appeal is the defendant's contention that his conviction for armed robbery must be reversed because the trial court erred in finding that an unloaded air pistol constituted a dangerous weapon within the meaning of our armed robbery statute.

Our criminal code provides that a person commits armed robbery when he takes property from the person or presence of another by the use of force or threatening the imminent use of force while armed with a dangerous weapon. See Ill. Rev. Stat. 1975, ch. 38, pars. 18—1(a) and 18—2(a).

■■ Quite simply, we are confronted with the question as to whether or nor an unloaded air pistol is a dangerous weapon. We agree with the defendant that the unloaded, uncocked air pistol which was used to intimidate the victims of his robbery was not a dangerous weapon per se if he had attempted to use it for the firing of harmful or destructive pellets or other projectiles. The mere fact, however, that the air pistol could not

be used for the purpose it was manufactured does not serve to declassify it as a dangerous weapon. The air pistol·used by the defendant was described as being similar in appearance to that of a .45-caliber automatic pistol. Inasmuch as the air pistol was a piece of metal it could have been utilized in a manner dangerous to the physical wellbeing of the individual threatened. (See *People v. Ratliff* (1974), 22 Ill. App. 3d 106, 317 N.E.2d 63.) In the case of *Ratliff* the defendant in the course of a robbery was armed with a .22-caliber pistol designed to fire only blank cartridges. The weapon in *Ratliff* was never fired, nor was it used as a club or a bludgeon, yet the reviewing court after analyzing various Illinois cases held that it was not a prerequisite that actual injury or harm must be inflicted upon a victim before an instrumentality can be classified as a dangerous weapon. That the instrumentality used to threaten a victim of a robbery is capable of being used in a manner to cause harm or injury thereby compels a finding that the instrumentality is a dangerous weapon.

A case strikingly similar to the instant case is *State v. Antes* (1976), 74 Wis. 2d 317, 246 N.E.2d 671. In the *Antes* case we have a situation where the defendant committed robbery while armed with a pellet gun and the reviewing court held such an instrumentality, while not being a firearm, was nevertheless a dangerous weapon even though it was unloaded since it could have been used as a bludgeon. In the case of *Antes* the Supreme Court of Wisconsin found that within their statute defining a dangerous weapon it is not required that to be dangerous the weapon must be capable of producing great bodily harm only when used in the manner for which it was intended. The Supreme Court in *Antes* further ruled that an unloaded pellet gun which defendant pointed at victims during a robbery was a dangerous weapon so that defendant was properly charged with armed robbery though the unloaded gun was not used as a bludgeon and there was no evidence that it was intended to be so used. *State v. Antes* (1976), 74 Wis. 2d 317, 246 N.E.2d 671. See also *State of Louisiana v. Levi* (1971), 259 La. 591, 250 So. 2d 751 (an unworkable pistol was held to be a dangerous weapon); *Crum v. State* (1967) 1 Md. App. 132, 227 A. 2d 766 (where a .22-caliber gas pistol incapable of firing a bullet was found to be a dangerous weapon); and *Commonwealth v. Johnson* (1968), 212 Pa. Super. 1, 239 A. 2d 861 (a toy gun having the appearance of a real weapon was deemed to be an "offensive weapon" within the meaning of the term "offensive weapon" as used in the Pennsylvania statutes).

■■ Following the rationale of the cases cited we can only conclude that in the instant case the trial court properly found that the air pistol used by the defendant in the commission of a robbery was a dangerous weapon within the purview of our statutes.

Lastly the defendant argues that the trial court erred in holding that it

was compelled as a matter of law to find that the unloaded air pistol was a dangerous weapon.

In considering this issue we must at the outset note that the defendant waived trial by jury and hence the trial court was required to make both factual and legal determinations. In examining the record in this case we note that the trial court filed a written opinion, the last paragraph of which reads as follows:

"It is the opinion of this court that based upon the present law pertaining to armed robbery and the facts in the case the defendant is guilty of the offense of armed robbery."

It is clear from an examination of the record that as a matter of law the trial court determined that the air pistol used by the defendant could be considered a dangerous weapon and then based upon the facts adduced during the defendant's trial he concluded that it was in fact a dangerous weapon. The court noted that the defendant used the gun to threaten and intimidate the victims and that he threatened to blow the victim Verschoore's head off if she moved. The air pistol was metallic and had the appearance and size of a .45-caliber automatic pistol. We can only conclude that the trial judge, sitting as a trier of fact, properly found the defendant guilty of the crime of armed robbery beyond a reasonable doubt and that there is no merit in the last contention of the defendant.

For the reasons set forth the judgment of the circuit court of Rock Island County finding the defendant guilty of armed robbery and the sentence imposed thereon is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.