THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICO JOHNSON *et al.*, Defendants-Appellants.

First District (1st Division)    Nos. 79-1843, 79-1844 cons.

Opinion filed September 14, 1981.

Ralph Ruebner and Patricia Unsinn, both of State Appellate Defender's Office, of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Dean C. Morask, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, defendants Rico Johnson and Gary Moore were found guilty of armed robbery, armed violence and attempt rape. Defendants were sentenced to concurrent terms of 12 years and 8 years respectively. Defendants appeal.

The single issue presented by defendants is directed to the conviction for armed robbery. Defendants urge Johnson was armed with a sawed-

off air rifle which was not demonstrated to be loaded and was not used in a manner capable of causing death or great bodily harm. Consequently defendants request that the cause be remanded for a new sentencing hearing.

The complainant and her 5-year-old daughter drove into the garage behind their home about midnight. Defendant Johnson confronted them. He asked complainant the time. She said she did not know. Johnson's right hand came up under his coat. Complainant saw a black object protruding from his coat. It was a circular metal object with a central hole. It looked like a gun barrel. Complainant saw an inch of it. Johnson said, "This is a gun. Now be quiet and you won't get hurt." Defendant Moore appeared and also told complainant to be quiet and she wouldn't get hurt. Johnson entered the front seat of the car and Moore pushed complainant into the rear seat. Moore ripped the complainant's clothes, opened his own trousers and otherwise treated complainant so that counsel for defendants raise no point on the conviction for attempt rape.

As Johnson drove out of the garage, complainant opened the car door and fell to the ground. She ran across the street to a police car standing there. The police gave chase. Another police car came to assist. Complainant's daughter was found crying on the floor of the front seat. Police traced footprints of Moore and Johnson in the snow and apprehended them. Moore's trousers were unzipped. Complainant identified both men. In court, complainant identified a gun as being similar to the object she had initially seen in Johnson's possession.

The police did not know if the gun in question was operable and they did not check it for ammunition. The police inventory describes the weapon as a "Hy-Score Air Rifle .22 Cal. B.B. gun" with a sawed-off stock and barrel. The State points out that defense counsel at trial referred to the gun as "a large weapon, approximately 2 * * * feet" in length. In argument the prosecutor told the trial court the weapon was "a very heavy object" with "solid wooden stock" which could have been used as a bludgeon.

The pertinent statute on robbery provides that the offense of armed robbery is committed when a defendant who "carries on or about his or her person, or is otherwise armed with a dangerous weapon" commits the offense of simple robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)). Able counsel for defendants cite the latest decision of the Supreme Court of Illinois on the definition of a dangerous weapon (*People v. Skelton* (1980), 83 Ill. 2d 58, 414 N.E.2d 455). However, counsel for defendants also urge that two other and earlier decisions of the supreme court differ from *Skelton* (*People v. Robinson* (1978), 73 Ill. 2d 192, 383 N.E.2d 164; and *People v. Dwyer* (1927), 324 Ill. 363, 155 N.E. 316). Our analysis of these

three authorities convinces us that they are entirely consistent and do not differ. We conclude all three of these decisions require that the judgment appealed from be affirmed.

We find that *Skelton* most amply and ably sets out the pertinent legal principles which are applicable here. *Skelton* involved a robbery with a gun about 4½ inches long, light in weight, constructed of hard plastic with a thin metal cylinder. The supreme court held the character of this device was such as to require the conclusion its use in committing a robbery did not constitute an armed robbery. The supreme court pointed out this device did not fire blank shells or give off a flash as did pistols used by starters in athletic contests. (*Skelton*, 83 Ill. 2d 58, 66.) Thus, it could not be held a dangerous weapon as were starter's pistols in two decisions by this court (*People v. Ratliff* (1974), 22 Ill. App. 3d 106, 317 N.E.2d 63; and *People v. Trice* (1970), 127 Ill. App. 2d 310, 320-21, 262 N.E.2d 276). The supreme court cited *Robinson* and *Dwyer* and classified weapons into two types as follows (*Skelton*, 83 Ill. 2d 58, 66):

> "In the great majority of cases it becomes a question for the fact finder whether the particular object was sufficiently susceptible to use in a manner likely to cause serious injury to qualify as a dangerous weapon. Where, however, the character of the weapon is such as to admit of only one conclusion, the question becomes one of law for the court. (*People v. Robinson* (1978), 73 Ill. 2d 192, 202; *People v. Dwyer* (1927), 324 Ill. 363, 365.)"

Significantly, the supreme court pointed out that the device in *Skelton* was "entirely too small and light in weight to be effectively used as a bludgeon * * *." (83 Ill. 2d 58, 66.) In this regard, the court cited *People v. Hill* (1977), 47 Ill. App. 3d 976, 978, 362 N.E.2d 470, *appeal denied* (1977), 66 Ill. 2d 633, in which this court held an unloaded air pistol was a dangerous weapon. In the case before us, precisely as in *Hill,* the device used by these defendants was quite capable of readily being used as a bludgeon so that it was properly classified as a deadly weapon, although "not in fact used in that manner during the commission of the particular offense." *Skelton*, 83 Ill. 2d 58, 66.

We find unanimity in considering *Skelton, Robinson* and *Dwyer*. In *Robinson*, the supreme court affirmed guilt of armed robbery. There a complainant was seized by the defendant who pressed an object to her throat. This caused a slight cut. Defendant threatened to kill complainant if she spoke. Complainant never saw the object but "thought it was either a small knife or a fingernail clipper." (73 Ill. 2d 192, 196.) A fingernail clipper was found in defendant's car. In determining whether robbery of the complainant constituted armed robbery the supreme court held (73 Ill. 2d 192, 202):

"Under the circumstances of this case, we believe the nature of the weapon and its potential for doing harm were questions of fact for the jury to decide."

The *Robinson* court then cited *Dwyer* for the same classification of weapons as set forth in *Dwyer* and later in *Skelton*. The *Dwyer* court held (324 Ill. 363, 365):

"Where the weapon in question and the manner of its use are of such character as to admit of but one conclusion, the question whether or not it is deadly is one of law for the court to determine, but when the character of the weapon is doubtful or the question depends upon the manner of its use it is a question for the jury to determine from a description of the weapon, from the manner of its use and the circumstances of the case. [Citations.]"

Applying this classification to the instant case, we find a uniform result from either alternative. We would classify the weapon in the case at bar as being a deadly weapon as a matter of law because of its potential for use as a bludgeon. In our opinion, this weapon and the manner of its use in the instant case admit only one conclusion; that the weapon is deadly as a matter of law. Alternatively, let us assume the character of the weapon is doubtful so that the manner of its use is an issue for determination by the trier of fact. We would then be obliged to affirm the factual result reached by the trial court to the effect that the device here was a deadly weapon. Definitely we cannot say that the evidence does not support this factual determination beyond reasonable doubt.

For these reasons the judgments appealed from are affirmed.

Judgments affirmed.

McGLOON and O'CONNOR, JJ., concur.