THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH MARTINICO, Defendant-Appellant.

Fourth District   No. 17004

Opinion filed October 29, 1981.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, and Kevin D. Eack, law student, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On January 19, 1981, defendant, Joseph Martinico, was convicted of the offense of armed robbery, following a jury trial in the circuit court of Champaign County. Thereafter he was sentenced to a term of imprisonment of 6 years. On appeal defendant contends: (1) his conviction for armed robbery must be reduced to robbery because he did not attempt to use the weapon in a manner which was dangerous; (2) the jury was improperly instructed on the factors to be considered in determining whether defendant was armed with a dangerous weapon; and (3) the trial court erred in admitting testimony concerning the test firing of the weapon.

The undisputed evidence at trial showed that on October 7, 1980, defendant handed the cashier at the 7-Eleven Store in Champaign, a note which read:

"I've got a *gun* so don't set off any alarms or your [*sic*] *dead*!! Be quiet and put the money in a bag like nothing was happening!! Im [*sic*] serious man move! it!"

After the cashier read the note, defendant pulled back his jacket to expose what appeared to be a holstered handgun which defendant wore on his right hip. The cashier placed money from two cash registers into a bag and handed the bag to defendant. Defendant left the store without removing the gun from the holster.

The undisputed evidence further showed defendant was apprehended approximately 20 minutes after the robbery took place. Defendant stated at the time he was arrested that the gun used in the robbery was not real. A handgun was found under the rear seat of defendant's car. The weapon, a pellet gun, was in a holster with the safety strap snapped over the hammer, which was cocked.

James Davis, an investigator for the Champaign County State's Attorney's office testified that the pistol was not capable of being fired in the condition in which it was found because there was insufficient carbon dioxide in the cartridge.

Defendant, who admitted at trial he committed the robbery, testified that he knew the gun was not loaded and the carbon dioxide cartridge had been exhausted for some time. He stated he was certain the gun would not operate because he tried to fire it before the robbery.

Under section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 18—2), a person commits the offense of armed robbery when he or she commits robbery while carrying or otherwise armed with a dangerous weapon. Defendant claims on appeal that since the gun used in the robbery was not shown to be loaded or operable, or used as a bludgeon to threaten the cashier, the State has not proved he was armed with a dangerous weapon, and thus he can only be convicted of simple robbery, not armed robbery.

In *People v. Skelton* (1980), 83 Ill. 2d 58, 414 N.E.2d 455, the supreme court held that a plastic toy revolver, as used in that armed robbery, was not a dangerous weapon within the meaning of the armed robbery statute. The court observed that many devices could be dangerous weapons if used in a manner for which they were not designed. It noted:

> "* * * many objects, including guns, can be dangerous and cause serious injury, even when used in a fashion for which they were not intended. Most, if not all, unloaded real guns and many toy guns, because of their size and weight, could be used in deadly fashion as bludgeons. Since the robbery victim could be quite badly hurt or even killed by such weapons if used in that fashion, it seems to us they can properly be classified as dangerous weapons although they were not in fact used in that manner during the commission of the particular offense. It suffices that the potential for such use is present; the victim need not provoke its actual use in such manner." 83 Ill. 2d 58, 66, 414 N.E.2d 455, 458.

■■■ The gun involved here, even if unloaded and inoperable, could have been used as a bludgeon. (*People v. Hill* (1977), 47 Ill. App. 3d 976, 362 N.E.2d 470.) It is not necessary for the victim to provoke the use of the weapon as a bludgeon in order for the finder of fact to find the weapon to be dangerous. (*People v. Meadows* (1981), 92 Ill. App. 3d 1028, 416 N.E.2d 404.) Even if defendant did not make any threat to use the gun as a club, the potential for the use of the gun in such a manner was not diminished. Because the evidence, that the gun could have been used as a bludgeon, was sufficient for the jury to find defendant was armed with a dangerous weapon, we need not consider whether the evidence was suf-

ficient for the jury to have determined whether the gun was loaded and operable at the time of the robbery.

Prior to trial, the defendant made a motion *in limine* to bar evidence about what the pellets of the gun would do when fired. The motion was denied and at trial, without further objection by defendant, the State introduced testimony concerning the results of a test firing of the pellet pistol used by defendant in committing the offense. Defendant contends that the evidence concerning the test firing was irrelevant because the State's theory was the weapon was dangerous because it could be used as a bludgeon and because the evidence indicated the pistol was unloaded and inoperable at the time of the offense. Therefore, defendant contends because of the prejudice resulting from the testimony, the conviction should be reversed and the cause remanded for a new trial.

■■ However, even though the issue was raised by *in limine* motion, the sufficiency of the testimony to support the testimony was in better focus at the time the evidence was offered than at the time the *in limine* motion was made. Accordingly, the failure to object at the time of the admission of the evidence waived any error. (See *People v. Williams* (1978), 60 Ill. App. 3d 529, 377 N.E.2d 367.) Furthermore, as we later determine, the jury was properly instructed, thus negating any substantial confusion as to the issue that could have arisen from receipt of the evidence. The testimony was not otherwise prejudicial.

■■ Defendant contends that the court's failure to give the following tendered instruction was error:

"The fact that someone reasonably believed that the pellet pistol allegedly used in this case was a real gun should not be considered by you in deciding whether or not it was a dangerous weapon."

However, the above instruction is not an Illinois Pattern Jury Instruction and does not affirmatively define the issues involved in this case. It is an instruction on a negative. We find that the instructions given by the court were sufficient without the above instruction.

■■ Defendant further contends on appeal that the court gave inconsistent instructions when it gave court's instructions Nos. 1 and 2, and therefore the conviction must be reversed and the cause remanded for a new trial. Court's instruction No. 1 stated:

"The weapon in question, if found to be unloaded, may nevertheless be a dangerous weapon if you find that it could have been used as a club or a bludgeon, even though it was not in fact used in that manner during the commission of the particular offense.

It suffices that the potential for such use is present; the victim need not provoke its actual use in such manner."

Court's instruction No. 2 stated:

"In deciding whether or not the weapon used in this case was a dangerous weapon, you may consider evidence of the manner in which it was used under the circumstances of this case."

We find the above instructions to be consistent under *Skelton*, as it is permissible to consider the use of the weapon in determining whether the weapon is dangerous, but the actual use of the weapon is not conclusive.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

WEBBER and LONDRIGAN, JJ., concur.