THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL L. GRANT, Defendant-Appellant.

First District (2nd Division)    No. 80-2916

Opinion filed February 23, 1982.

Ralph Ruebner and Richard F. Faust, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Casimir J. Bartnik, and David A. Shapiro, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Following a bench trial, defendant, Carl Grant, was found guilty of home invasion, attempted rape, armed violence, and burglary. (Ill. Rev. Stat. 1979, ch. 38, pars. 12—11, 8—4, 33A—2, 19—1.) The trial court ruled that burglary and attempted rape were the lesser included offenses of home invasion and armed violence, respectively, and sentenced defendant to two concurrent 12 year terms. This appeal raises two issues, namely, whether the warrantless arrest of defendant in a third party's home was constitutionally permissible, and, whether it was proved beyond a reasonable doubt that defendant possessed a dangerous weapon

when he entered the victim's dwelling and attempted to rape her. For the reasons set forth below, we affirm.

A description of evidence relevant and material to the appeal will appear in the body of the opinion.

I

Defendant argues that his arrest was improper under the principles announced in *Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371. *Payton,* however, did not address the question presented here, namely, whether the police are required to obtain an arrest warrant prior to entering a third party's home to arrest a suspect for purposes of protecting the latter's privacy interest. We find that the record here supports the trial court's oral finding that defendant was not arrested in his home. Defendant's arrest card and affidavit of assets and liabilities list his home address at 14256 Lincoln, Dixmoor, Illinois, not the Regency Lounge, located at 14206 Wood, where he was arrested. The Lincoln address is also listed as defendant's home in the report prepared by the police and social investigation report prepared by the Cook County Adult Probation Department. When the officers arrived at that address minutes after the incident, defendant's mother answered, stating that she had not seen him since Friday when he went to serve his work release at the county jail.

Assuming, *arguendo,* that the police are constitutionally required to obtain an arrest warrant prior to entering a third party's home to effectuate an arrest, defendant's assignment of error is still without merit in view of the exigent circumstances surrounding his arrest. (*People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543.) The following factors are of particular significance in assessing the presence of exigent circumstances and the reasonableness of arrest, namely, whether: (1) the time period between the commission of the crime and the arrest creates a need for prompt action or falls within the "spirit" of the hot pursuit exception; (2) there was a deliberate or unjustified delay by the police during which time a warrant could have been obtained; (3) the suspect was armed or exhibited some sign of a violent character; (4) the officers were acting on a "clear showing" of probable cause; (5) defendant was clearly identified as the offender; (6) there is strong reason to believe that defendant was in the premises entered; and (7) the entry was peaceful. 81 Ill. 2d 159, 169-73.

■■ Applying these considerations to the instant controversy, it becomes readily evident that the challenged conduct was constitutionally permissible. First, only 30 minutes elapsed between the time of the offense and the time of defendant's arrest. Any postponement of the pursuit to obtain a warrant would have impeded the promising police investigation already underway, and possibly provided the extra time defendant needed to flee

capture entirely. (*United States v. Robinson* (D.C. Cir. 1976), 533 F.2d 578, 583.) Further, the period between the offense and defendant's arrest was one-third of the 1½-hour interval which *Abney* found to be within the spirit of the "hot pursuit" exception. (*Cf. People v. Barbee* (1966), 35 Ill. 2d 407, 408-12, 220 N.E.2d 401.) Second, in view of the short time period, it is obvious that there was no deliberate or unjustified delay by the officers during which time a warrant could have been obtained. Third, one of the arresting officers could have reasonably believed that defendant could be armed since the victim had told him that the offender threatened her with a ".38". Defendant's action indicated a violent character; defendant was accused of breaking into the victim's home at 3 a.m. and attempting to forcibly rape her while armed. Fourth, the officers acted upon the victim's statement which was in and of itself a clear demonstration of probable cause. The victim saw the offender, whom she had previously known, described the offense, and identified the assailant by name. Fifth, defendant thus was clearly identified as the offender. (*People v. Lumpkin* (1975), 28 Ill. App. 3d 710, 329 N.E.2d 262.) Sixth, one of the investigating officers had knowledge that defendant could be found at the Regency Lounge. Finally, the police officers entered the premises in a peaceful manner while the door was open. No violence of any kind was employed by the officers. *People v. Abney* (1980), 81 Ill. 2d 159, 173, citing *Miller v. United States* (1958), 357 U.S. 301, 2 L. Ed. 2d 1332, 78 S. Ct. 1190; *State v. McNeal* (W. Va. 1978), 251 S.E.2d 484, 488-89.

■■ ■ The purported failure of the arresting officers to announce their purpose and authority before entering the apartment does not *per se* violate the constitution; however, it may influence whether subsequent entry to arrest or search is constitutionally reasonable. (*People v. Wolgemuth* (1977), 69 Ill. 2d 154, 166, 370 N.E.2d 1067.) The evidence adduced at a hearing on defendant's motion to quash and suppress does not prove that the police failed to announce their authority and purpose before their entry; indeed, the record is silent on the matter. Since the burden of proof was on defendant at this hearing (*People v. Potts.* (1978), 58 Ill. App. 3d 550, 553, 374 N.E.2d 891), his contention is untenable and unsubstantiated. Even if defendant had met his burden by proving that the police had failed to announce, this failure can be justified by the exigent circumstances surrounding his arrest. (*People v. Ouellette* (1979), 78 Ill. 2d 511, 518, 401 N.E.2d 507; *People v. Conner* (1977), 56 Ill. App. 3d 565, 567, 371 N.E.2d 106.) Since the police were legitimately on the premises when they made the arrest, they acted wholly properly when they seized the air pistol in plain view on the dresser next to defendant's bed and confiscated the steak knife from the jacket defendant requested. We find no error here.

## II

Defendant maintains that he was not proven guilty beyond a reasonable doubt of the offense of armed violence and home invasion because the evidence does not show he was armed with a dangerous weapon when he entered the victim's dwelling and attempted to rape her. Relying on *People v. Fiala* (1980), 85 Ill. App. 3d 397, 406 N.E.2d 931, defendant emphasizes the fact that neither the victim nor her brother, who chased after defendant when the victim screamed, saw or felt him carrying a dangerous weapon or an object which appeared to be a weapon.

■■ We decline to attach the same importance to this lack of direct evidence and find *Fiala* distinguishable. The defendant in that case never expressly stated that he was armed with a gun; nor was he apprehended with a dangerous weapon within two blocks of the scene of the crime. In contrast, defendant here expressly told the victim he had a .38 and within 30 minutes of the attempted rape, an air pistol was found on a dresser next to him, approximately one or two blocks from the scene of the crime. Moreover, one of the arresting officers testified that upon searching defendant's jacket he found a steak knife with a 5-inch blade inside the left pocket. The victim's brother had testified that the man he chased west from the victim's house was wearing a jacket. Circumstantial evidence is sufficient to prove that a defendant was armed while committing an offense, even if no weapon was seen at the time of the offense (*People v. Elam* (1972), 50 Ill. 2d 214, 220, 278 N.E.2d 76; *People v. DuPree* (1979), 69 Ill. App. 3d 260, 264, 387 N.E.2d 391), and in the present case was sufficient for the fact-finder to conclude that defendant was armed with either a steak knife or an air gun at the time of the offense. The evidence is not so improbable, contradictory, unsatisfactory or inconclusive as to warrant setting aside defendant's convictions. *People v. Ellis* (1978), 74 Ill. 2d 489, 496, 384 N.E.2d 331; *People v. Platter* (1980), 89 Ill. App. 3d 803, 817, 412 N.E.2d 181.

■■ Defendant lastly urges that the armed violence charge cannot be supported because an air gun cannot be deemed a "dangerous weapon" under the statute. (Ill. Rev. Stat. 1979, ch. 38, pars. 33A—1, 33A—2.) We disagree. See *People v. Johnson* (1981), 100 Ill. App. 3d 251, 426 N.E.2d 1041; *People v. Greer* (1977), 53 Ill. App. 3d 675, 368 N.E.2d 996; *People v. Hill* (1977), 47 Ill. App. 3d 976, 362 N.E.2d 470.

For the above cited reasons, defendant's conviction and sentence must be affirmed.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.