# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-4009

_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Bankhead

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 25, 2013
Filed: February 12, 2014

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Following his guilty plea to the charge of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g), Calvin Bankhead received a 180-month mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"). For the reasons set forth below, we reverse and remand for resentencing.

The written plea agreement, executed by Bankhead and the Government, specified a statutory maximum term of 120 months' imprisonment. However, the probation office prepared a presentence investigation report ("PSR") uncovering for the first time Bankhead's 1990 juvenile adjudication for armed robbery under Illinois law. The Illinois armed robbery statute provided in relevant part: "A person commits armed robbery when he or she violates Section 18-1 [establishing elements of unarmed robbery] while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." Ill. Rev. Stat., ch. 38, § 18-2 (Smith-Hurd 1990). According to the PSR, this juvenile adjudication was a predicate offense under the ACCA that, in combination with two other predicate offenses committed by Bankhead, compelled a mandatory minimum term of 180 months' imprisonment. 18 U.S.C. § 924(e)(1).

At sentencing, the district court offered to allow Bankhead to withdraw his guilty plea because, at the time of his plea, he had not been informed of the correct maximum sentence—now life—nor had he been informed of the fifteen-year mandatory minimum sentence. *See* Fed. R. Crim. P. 11(b)(1). Bankhead instead asserted he should be sentenced according to the original plea agreement, which did not consider the juvenile adjudication or the ACCA for purposes of calculating the statutory maximum or mandatory minimum sentence. The district court, however, stated that the original plea agreement was "not on the table" given that the PSR had revealed facts about the juvenile adjudication that the court was "not going to turn away from." Bankhead nonetheless declined to withdraw his guilty plea. Accordingly, the district court conducted an evidentiary hearing to determine whether Bankhead's juvenile adjudication satisfied the ACCA requirement that an act of juvenile delinquency involve "the use or carrying of a firearm, knife, or destructive device" in order to trigger the ACCA's sentencing provisions. 18 U.S.C. § 924(e)(2)(B). Based on Illinois charging documents, the district court applied the modified categorical approach to find that Bankhead, as a juvenile, had carried a .38-caliber revolver during the commission of the armed robbery. The district court

therefore imposed the ACCA mandatory minimum sentence of 180 months' imprisonment.

Bankhead's original brief challenged this sentence on two grounds. First, Bankhead argued the district court erroneously relied on sparse and unclear documentary records in determining that the juvenile adjudication triggered the fifteen-year mandatory minimum sentence. Second, Bankhead contended Rule 11 of the Federal Rules of Criminal Procedure was violated because he was not advised at the time of his plea that the ACCA maximum or mandatory minimum sentence would apply. Shortly thereafter, the United States Supreme Court held that sentencing courts cannot employ the modified categorical approach when the proposed predicate offense "has a single, indivisible set of elements." *Descamps v. United States*, 570 U.S. ---, 133 S. Ct. 2276, 2282 (2013). Both Bankhead and the Government have agreed in subsequent supplemental briefing that, under *Descamps*, Bankhead's juvenile armed robbery adjudication does not qualify as an ACCA predicate offense. Because we agree that *Descamps* applies in this case, we reverse Bankhead's sentence and remand for resentencing.

A defendant who violates § 922(g) is subject to a mandatory minimum term of 180 months' imprisonment if he has "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1). A "previous conviction" "includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." *Id.* § 924(e)(2)(C). For an act of juvenile delinquency to "involv[e] a violent felony," the ACCA requires that it entail "the use or carrying of a firearm, knife, or destructive device." *Id.* § 924(e)(2)(B). Bankhead was adjudicated delinquent of an Illinois statute criminalizing robbery committed by a person who "carries on or about his or her person, or is otherwise armed with a dangerous weapon." Ill. Rev. Stat., ch. 38, § 18-2. In this case, the district court applied the modified categorical approach by consulting the Illinois charging documents to determine that a .38-caliber revolver, which satisfies the ACCA requirement, was carried by Bankhead during the robbery.

"[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 133 S. Ct. at 2281; *see also United States v. Tucker*, --- F.3d ---, 2014 WL 304740, at *1, slip op. at 3 (8th Cir. Jan. 29, 2014) (en banc). Such documents are known as *Shepard* documents. *United States v. Williams*, 627 F.3d 324, 328 (8th Cir. 2010) (citing *Shepard v. United States*, 544 U.S. 13, 15 (2005)).

In *Descamps*, however, the Supreme Court clarified that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282; *see also Tucker*, 2014 WL 304740, at *3, slip op. at 8 (overruling circuit precedent "to the extent that it authorizes applying the modified categorical approach to anything other than explicitly divisible portions of statutes"). In other words, the modified categorical approach may be used only "when a prior conviction is for violating a so-called 'divisible statute'" which "sets out one or more elements of the offense in the alternative." 133 S. Ct. at 2281. According to the Supreme Court, consultation of *Shepard* documents is warranted only when the statute of conviction embraces several alternative bases for conviction, not all of which qualify as an ACCA predicate, and the sentencing court must determine "which statutory phrase was the basis for conviction." *Id.* at 2285-86 (quoting *Johnson v. United States*, 559 U.S. 133, 144 (2010)).

Here, the Illinois statute of conviction is indivisible regarding the type of dangerous weapon carried. The hallmark of divisibility is the enumeration of alternative bases for conviction separated by the disjunctive "or." Here, unlike the ACCA, the statute does not enumerate a list of different weapons sufficient to sustain a conviction. Rather, the statute only requires that the robbery was committed with a "dangerous weapon"—an indivisible term. As the Supreme Court did in *Descamps*, we conclude that "[t]he modified approach thus has no role to play in this case" given

-4-

that "[t]he dispute here does not concern any list of alternative elements" as to the type of dangerous weapon carried. *Descamps*, 133 S. Ct. at 2285.

Because the dangerous-weapon element of the Illinois statute is textually indivisible, we next conduct a categorical elements-based inquiry. *See Descamps*, 133 S. Ct. at 2293. We must determine whether Bankhead's adjudication under the indivisible dangerous-weapon element necessarily means that he was adjudicated for use or carrying of a firearm, knife, or destructive device such that the adjudication constitutes an ACCA predicate offense. We hold it does not.

The dangerous-weapon element in the Illinois statute is broader than the ACCA's firearm, knife, or destructive device requirement. While the dangerous-weapon element of the Illinois statute can be satisfied by the carrying of a firearm, knife, or destructive device, the dangerous-weapon element can also be satisfied by other objects that would not satisfy the ACCA requirement. *See Illinois v. Hill*, 362 N.E.2d 470, 471 (Ill. App. Ct. 1977) (holding that an "instrumentality used to threaten a victim of a robbery [that] is capable of being used in a manner to cause harm or injury thereby compels a finding that the instrumentality is a dangerous weapon"); *Illinois v. Ratliff*, 317 N.E.2d 63, 64 (Ill. App. Ct. 1974) (observing that "a brick, a ball bat, or anything else which could be utilized in a manner dangerous to the physical well-being of the individual threatened" could be a dangerous weapon). As in *Descamps*, this case concerns "a simple discrepancy" between the ACCA (*i.e.*, the narrower "firearm, knife, or destructive device" requirement) and the state statute of conviction (*i.e.*, the broader dangerous-weapon element). 133 S. Ct. at 2285. Our inquiry, then, ends with the categorical observation that Bankhead's crime of conviction does not correspond to the narrower ACCA requirement. For this reason, the Illinois statute cannot form the basis of "an act of juvenile delinquency involving a violent felony" for purposes of imposing the ACCA mandatory minimum sentence. 18 U.S.C. § 924(e)(2)(C).

-5-

For these reasons, we reverse and remand for resentencing.[1]

LOKEN, Circuit Judge, concurring.

As I am bound by the en banc court's interpretation of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), in <u>United States v. Tucker</u>, 2014 WL 304740 (8th Cir. Jan. 29, 2014), I concur in the judgment.

_____

---

[1]Because our holding under *Descamps* renders moot Bankhead's original grounds for appeal, we decline to address them.