# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1058

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis T. Hart

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 11, 2014
Filed: November 17, 2014
[Unpublished]

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

After one day of a jury trial, Dennis Hart entered a conditional guilty plea to unlawfully possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).

The district court[1] sentenced him to 240 months of imprisonment. Hart appeals claiming the district court erred by overruling his objection to the jury panel (Hart is African American and there were no African Americans on the jury panel). Hart also claims the district court erred when it concluded he qualified as an armed career criminal without conducting a review of his prior convictions pursuant to Descamps v. United States, 133 S. Ct. 2276 (2013), to determine whether the convictions qualified as serious drug offenses or violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Reviewing Hart's challenge to the makeup of the jury panel *de novo*, see United States v. Sanchez, 156 F.3d 875, 879 (8th Cir. 1998), we find no error because Hart's objection was based solely on the lack of African Americans on the jury panel without presenting any evidence as to how or why there was a systematic exclusion of that particular distinctive group of the community. See United States v. Greatwalker, 356 F.3d 908, 911 (8th Cir. 2004) (holding the mere allegation that a jury panel includes no members of a particular distinctive group is insufficient to establish a prima facie violation of the Sixth Amendment right to a jury comprised of a fair cross-section of the community).

Reviewing Hart's challenge to his status as an armed career criminal for plain error because Hart did not raise this claim in the district court, see DeRoo v. United States, 223 F.3d 919, 926 (8th Cir. 2000), we find no error (let alone any plain error) because none of Hart's prior convictions were based on the type of indivisible statutes to which Descamps applies. See, e.g., United States v. Bankhead, 746 F.3d 323, 326 (8th Cir. 2014) (explaining that Descamps only prohibits the consultation of Shepard documents to determine whether a prior offense qualifies as a serious drug offense or violent felony when the prior offense was based on a statute with a single, indivisible

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

set of elements); see also United States v. Premachandra, 32 F.3d 346, 349 (8th Cir. 1994) (indicating there can be no plain error where there is "no error at all").

We therefore affirm the judgment of conviction and sentence.

_____